Robert Anthony-Rodriguez v. Match.com Doc. 11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ORIGINAL

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

Case No. CV05-2577 DSF (CWx) Date July 22, 2005

Title *Robert Anthony-Rodriguez, et al. v. Match.Com*

Present: The Honorable DALE S. FISCHER, UNITED STATES DISTRICT JUDGE

| PAUL PIERSON | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (IN CHAMBERS): ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

This action was filed in this Court on April 7, 2005. On April 22, 2005, this Court issued its Order to Show Cause re Dismissal for Lack of Subject Matter Jurisdiction. On May 23, 2005, Plaintiff filed his First Amended Complaint in response to the Order to Show Cause. The jurisdictional allegations still appear to be defective for the reasons opposite the boxes checked:

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332, but all plaintiffs are not diverse from all defendants. See 28 U.S.C. § 1332; see also Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806).

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship. 28 U.S.C. § 1332(a).

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332, but the pleadings fail to allege the citizenship of some of the parties. See Danjaq S.A. v. Pathe Communications Corp., 979 F.2d 772, 775 ("the citizenship of a parent is distinct from its subsidiary" unless there is evidence of an alter ego relationship).

DOCKETED ON CM
JUL 25 2005
BY 010

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership or other unincorporated association is joined as a party. For diversity jurisdiction to be proper, none of the partners, including limited partners, can be a citizen of the same state as any opposing party. The citizenship of each of the entity's partners must therefore be alleged. Carden v. Arkoma Assoc., 494 U.S. 185, 195 (1990).

[X] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The complaint is deficient because:

Initials of Deputy Clerk



Dockets.Justia.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

[ ] (a) complaint does not state both the respective state(s) of incorporation and principal place of business.

[X] (b) the jurisdiction averment by plaintiff(s) is patently insufficient under § 1332(c).

Plaintiff(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the notice is the corporate party's principal place of business. The Ninth Circuit determines a corporation's principal place of business by examining the entity's "total activities," which takes into account all aspects of the corporation's business, including where its operations are located, where it supervises that business, and where it employs persons and conducts its business. Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1094 (9th Cir. 1990) ("[T]he principal place of business should be the place where the corporation conducts the most activity that is visible and impacts the public, so that it is least likely to suffer from prejudice against outsiders."). Accordingly, in determining a corporate party's principal place of business, this Court looks to the same factors. This entails (1) determining the location of the majority of the corporation's (a) employees, (b) tangible property, and (c) production activities, and (2) ascertaining where most of the corporation's (a) income is earned, (b) purchases are made, and (c) sales take place. Indus. Tectonics, 912 F.2d at 1094.

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, one or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears not to be diverse. 28 U.S.C. § 1332(c)(2).

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the matter in controversy does not appear to exceed $75,000, exclusive of interest and costs. To satisfy the amount in controversy requirement, in a class action, at least one named plaintiff must have an individual claim in excess of $75,000. Gibson v. Chrysler Corp., 261 F.3d 927, 941 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002). It is not permissible to aggregate all of the class members' claims to reach the jurisdictional amount, unless the members seek to enforce a common right in which they have a common and undivided interest. Id. at 943.

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and the action involves multiple plaintiffs praying for an injunction. The administrative costs of compliance allegedly exceed $75,000. The Ninth Circuit has held that in a multiple plaintiff action "the amount in controversy requirement cannot be satisfied [merely] by showing that the fixed administrative costs of compliance exceed $75,000." In re Ford Motor Co./Citibank (South Dakota), N.A. Cardholder Rebate Program Litig., 264 F.3d 952, 961 (9th Cir. 2001). In determining the amount in controversy, the proper focus is not the type of relief requested, but rather the nature and value of the right asserted. Id. at 960. Where the action does not implicate a common fund or a joint

Initials of Deputy Clerk ______

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

interest, each individual plaintiff's right must exceed $75,000. Zahn v. International Paper Co., 414 U.S. 291, 300-01 (1973).

[ ] Jurisdiction is asserted on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 but it does not appear that any of the claims "arise under" federal law.

[ ] Other:

Accordingly, the Court orders plaintiff(s) to show cause in writing no later than August 22, 2005 why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Courtesy copies are to be delivered to Chambers. Failure to respond by the above date will result in the Court **dismissing** this action.

The Court further orders plaintiff promptly to serve this minute order on any defendant who has been served with the complaint, or who is served before the date specified above.

Initials of Deputy Clerk