Robert Anthony-Rodriguez v. Match.com Doc. 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ORIGINAL

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

Case No. CV 05-2577 DSF (CWx) Date October 17, 2005

Title Robert Anthony-Rodriguez v. Match.com

Present: The Honorable DALE S. FISCHER, United States District Judge

| | |
|---|---|
| Paul D. Pierson | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Denying Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint

## I. INTRODUCTION

This matter is before the Court on Defendant's Notice of Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("FRCP 12(b)(6)") ("Motion"), filed on September 19, 2005. Plaintiff's Memorandum of Points and Authorities in Opposition to Motion to Dismiss pursuant to FRCP 12(b)(6) ("Opp'n") was filed on October 3, 2005. Defendant's Reply was filed on October 7, 2005. By this Motion, Defendant seeks to dismiss all six of Plaintiff's claims on the grounds that each is barred by disclaimers of liability contained in Defendant's Terms of Use Agreement.

DOCKETED ON CM
OCT 18 2005
BY 010

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that Defendant provides a match making service for personal relationships and friendships for a fee. Second Am. Compl. 4:19-21.[1] Defendant advertises this service in print, on television, and on the Internet, both nationally and worldwide. Id. Plaintiff subscribed to Defendant's match making service for two years

[1] Plaintiff's Second Amended Complaint fails to allege venue properly. Defendant, however, has waived any objection to venue by not including it in its Rule 12(b)(6) Motion. Fed. R. Civ. P. 12(h).

(24)



Dockets.Justia.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

pursuant to an online contract with the hopes of establishing potential relationships and friendships. Id. at 5:15-17.

Plaintiff alleges Defendant deliberately and intentionally originated and perpetuated false or non-existent profiles on its match making website to generate interest, public trust, and to give the site an attractive and functional appearance. Id. at 5:4-7. Plaintiff alleges Defendant created these profiles to represent more subscriber participation than actually existed and to induce and entice a target demographic. Id. at 5:7-8, 18-20. Plaintiff alleges that when a subscriber's subscription was nearly expired, Defendant would send notification of a potential "new match" with a false or non existent profile to induce subscribers to renew their subscriptions. Id. at 5:25-28. Plaintiff discovered Defendant's allegedly fraudulent conduct by uncovering redundancies, chronological errors, and contradictions in the profiles. Id. at 6:4-8. Plaintiff alleges that Defendant knew of its fraudulent conduct, as evidenced by the prompt removal and alterations to false or non existent profiles subsequent to Plaintiff's filing of a pro se lawsuit. Id. at 5-8.

## III. LEGAL STANDARD

A court can dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47 (footnote omitted). See also Swierkiewicz v. Sorema, 534 U.S. 506, 508 (2002) (A complaint "must contain only a short and plain statement of the claim showing the pleader is entitled to relief"); Maduka v. Sunrise Hosp., 375 F.3d 909, 912 (9th Cir. 2004). Dismissal is appropriate only if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a motion to dismiss, the Court must accept as true all material factual allegations in the complaint and must construe them in the light most favorable to the plaintiff. Cooper v. Pickett, 137 F.3d 616, 623 (9th Cir. 1997).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, material properly submitted as part of the complaint may be considered. A court may consider the full text of documents only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

partially quoted in the complaint. Cooper, 137 F.3d at 623.

## IV. ANALYSIS

Defendant argues that even if the false or non existent profiles were created by Defendant, Section 10 of the Terms of Use agreed to by Plaintiff releases Defendant from liability for: "any incorrect or inaccurate Content posted on the Website or in connection with the Service, whether caused by users of the Website, Members or by any of the equipment or programming associated with or utilized in the Service."[2] Second Am. Compl., Exhibit A ¶ 10. Defendant alleges that the term "user" includes all persons who gain access to the website, including both individual computer users and the website's Operator, Defendant Match.com. Plaintiff argues that defining "user" to include Defendant is an irrational interpretation and, at the very least, the term is ambiguous and incapable of being determined on a Motion to Dismiss.

The laws of the State of California govern this dispute. Second Am. Compl., Ex. A ¶ 11. Under California law, "a contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as is ascertainable and lawful." Cal. Civ. Code § 1636. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Cal. Civ. Code § 1638. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone if possible . . . ." Cal. Civ. Code § 1639.

"When a dispute arises over the meaning of contract language, the court must decide whether the language is 'reasonably susceptible' to the interpretations urged by the parties." Badie v. Bank of America, 67 Cal. App. 4th 779, 798 (1998) (citations omitted). If the contract is capable of more than one reasonable interpretation, it is ambiguous. Id. If a contract is ambiguous, the court may use extrinsic evidence to clarify the uncertainties; extrinsic evidence is relevant and material to prove a meaning to which the language of an instrument is reasonably susceptible. Moss Development Co. v. Geary, 41 Cal. App. 3d 1, 9 (1974).

Defendant argues that the term "user" includes both individual computer users and website operators, citing Batzel v. Smith, 333 F.3d 1018, 1030-31 (9th Cir. 2003). There, however, the court defined "user" in the context of the Federal Communications Decency

---

[2] The Court's consideration of the Terms of Use agreement is proper on a Motion to Dismiss because Plaintiff referred to the document in his Second Amended Complaint and attached a copy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

Act, 47 U.S.C. § 230. This statute grants immunity to most internet services from liability for publishing false or defamatory material, so long as they do not also function as information content providers for the portion of the statement or publication at issue. Carafano v. Metrosplash.com, Inc., 339 F.3d 1119, 1122-23 (9th Cir. 2003). In Batzel, the Court defined "user" expansively only to demonstrate the broad statutory grant of immunity; but this was not meant to contradict the statute's clear limit of immunity when the internet service or user is also the provider of the false material. 333 F.3d at 1031 ("The pertinent question becomes whether [the third party] was the sole content provider of his e-mail, or whether [the internet provider] can also be considered to have 'creat[ed]' or 'develop[ed]' [the third party's] e-mail message . . . .").

Even assuming that including Defendant as a "user" is a reasonably susceptible interpretation, Plaintiff also sets forth a reasonably susceptible interpretation that "user" does not include Defendant. First, the Court is required to look at the language of the contract in determining what the contracting parties intended. See Moss Development Co., 41 Cal. App. 3d at 9 (looking at the words used after taking into consideration the entire contract and the circumstances under which it was made). It is unlikely that the Ninth Circuit's definition of the term "user" for purposes of the Federal Communications Decency Act is the "ordinary meaning." Even if it were, however, this does not require that the parties are held to that meaning if it was not their intention. Id. ("In the interpretation of the contracts, the paramount consideration is the intention of the contracting parties") (citation omitted).

The language in the Terms of Use provides additional support for Plaintiff's interpretation that "user" is not meant to include Defendant. In Section 5D, the agreement sets forth a list of content that is illegal or prohibited on the website, including content that: "promotes information that you know is false, misleading, or promotes illegal activities or conduct that is abusive, threatening, obscene, defamatory, or libelous[.]" Second Am. Compl., Ex. A. Because the Terms of Use applies to all "users," it seems unlikely that Defendant would allow itself to engage in conduct that it simultaneously prohibits.

Plaintiff's argument that the term "user" does not include Defendant is a reasonably susceptible interpretation in light of the other provisions in the Terms of Use agreement and considering the nature of Defendant's offered service. In particular, it seems unlikely that Defendant's alleged posting of false or non existent profiles on its own website furthers the purpose of creating match making opportunities for its subscribers. Because of the ambiguity regarding the term "user," the Court will need to consider extrinsic evidence in order to aid in interpreting the agreement.

Plaintiff also argues that even if the Court finds that "user" includes Defendant and is not ambiguous, Defendant is still not sheltered from liability under the Terms of Use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

Disclaimer because this would be contrary to law. California Civil Code § 1668 provides that: "All contracts which have for their object directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Because California courts include negligent misrepresentation within the definition of fraud, this statute also prevents parties from contracting away their liability for negligent misrepresentation. See Blankenheim v. E.F. Hutton & Co., Inc., 217 Cal. App. 3d 1463, 1472-73 (1990).

Defendant's argument that "a contract exempting from liability for ordinary negligence is valid where no public interest is involved," fails to acknowledge that "notwithstanding [] ordinary negligence, under section 1668, 'a party cannot contract away liability for his fraudulent or intentional acts or for his negligent violations of *statutory* law,' regardless of whether the public interest is affected." Health Net v. Dept. of Health Servs., 113 Cal. App. 4th 224, 233 (2003) (citations omitted). Here, Plaintiff does not allege mere negligence, which may require a public interest analysis, but fraud and negligent misrepresentation, which clearly fall within the coverage of section 1668.

Because the Court finds that there is an ambiguity in the contract and parol or extrinsic evidence is admissible to resolve this ambiguity, the Court need not decide at this time the applicability of section 1668 to the Terms of Use. The Court notes, however, that if the ambiguity is not eliminated by extrinsic evidence, the contract must be given the interpretation that will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties. See Moss Development, Co., 41 Cal. App. 3d at 9-10; Cal. Civ. Code § 1643. Additionally, in cases of uncertainty not removed by extrinsic evidence or consideration of other interpretative rules, the language should be interpreted most strongly against the party that caused the uncertainty to exist. See id. at 10; see also Badie, 67 Cal. App. 4th at 801 ("This last rule is applied with particular force in the case of adhesion contracts."); Powers v. Dickson, 54 Cal. App. 4th 1102, 1112 (1997) ("this canon applies only as a tie breaker, when other canons fail to dispel uncertainty.") (citation omitted).

Defendant alternatively argues in its Reply that the Section 10 Disclaimer does not require that Defendant be included in the definition of "user." Because the language releases Defendant from liability for "any incorrect or inaccurate Content posted on the Website or in connection with the Service," the release applies regardless of how or by whom it was created. Although a "written release may exculpate a tortfeasor from future negligence or misconduct," this is not a case in which Plaintiff alleges mere negligence. See Benedek v. PLC Santa Monica, LLC, 104 Cal. App. 4th 1351, 1356 (2002). Plaintiff alleges both fraud and negligent misrepresentation, which is included under the definition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

of fraud.[3] See Blankenheim, 217 Cal. App. 3d at 1473.

Moreover, an effective release "must be clear, unambiguous, and explicit in expressing the intent of the subscribing parties." Id. Looking at the whole sentence, Section 10 states: "Match.com is not responsible for any incorrect or inaccurate Content posted on the Website or in connection with the Service, whether caused by users of the Website, Members or by any of the equipment or programming associated with or utilized in the Service." Second Am. Compl, Ex. A. Thus Section 10 appears to limit Defendant's absolution from liability. This is a reasonably susceptible interpretation, and raises the same issue of ambiguity regarding the term "user" as discussed previously. The resolution of these issues requires extrinsic evidence in order to interpret the contract; therefore, this is not an appropriate issue to be determined on a motion to dismiss.[4]

//
//
//
//

[3] Defendant argues that Green v. AOL, 318 F.3d 465 (3d. Cir. 2003) and Noah v. AOL Time Warner, 261 F. Supp. 2d 532 (E.D. Va. 2003) are applicable because the contracts in these cases are similar to the Terms of Use agreement Plaintiff and Defendant entered into. These cases are not applicable because the courts examined the allegations against the internet service providers in light of the grant of immunity pursuant to the Federal Communications Decency Act, 47 U.S.C. § 230. The Court does not consider the applicability of section 230 except to note that it is applicable only when the relevant content at issue originated *not* from the Internet service provider granted with immunity, but from *another* information content provider. Green, 318 F.3d at 470. In this case, Plaintiff alleges that the false or non-existent profiles were created by Defendant Match.com, the Internet service provider.

[4] Plaintiff argues that, if the Court does find that the Terms of Use releases Defendant from liability for allegedly creating false or non existent profiles, the Court must also find that the contract is unenforceable because it is unconscionable. See generally Perdue v. Crocker Nat'l Bank, 38 Cal. 3d 913, 924-29 (1985). The Court does not express an opinion on this argument pursuant to California Civil Code § 1670.5(b), which states: "When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination." Because the Court does not consider evidence beyond the complaint or its attached exhibits, this argument cannot be decided on a motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**PRIORITY SEND**

SCANNED

## V. CONCLUSION

For the reasons previously stated, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint is DENIED.

Initials of Preparer: ____