Robert Anthony Rodriguez v. Match.com Doc. 64

Bill
Fees Pd
Frms Gvn
CAD
TDO
Ntc/Dkt Mld
FF Frms Gvn

FILED
CLERK, U.S. DISTRICT COURT
DEC 15 2006
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT CALIFORNIA
WESTERN DIVISION

ROBERT ANTHONY RODRIGUEZ
(954)557-5466

CASE NO. CV05-2577 DSF
NOTICE OF APPEAL

PLAINTIFF

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.
DATED: 12/1/06
DEPUTY CLERK

DATE: NOV 30, 2006

VS

JUDGE DALE S. FISCHER

MATCH.COM

COURT ROOM: 917

DEFENDANT

---

ROBERT ANTHONY RODRIGUEZ, PLAINTIFF HEREBY GIVES NOTICE OF APPEAL TO THE COURT AND DEFENDANT MATCH.COM. THIS NOTICE IS FILED 12 DAYS AFTER FINAL MOTIONS IN THE ABOVE STYLED CASE HAVE BEEN RULED ON AND THE CASE THEN EVIDENTLY CLOSED.

A. POINT I. APPEAL

PLAINTIFF WAS NOT ALLOWED A CONTINUANCE OF ANY KIND, AT ANY TIME EFFECTIVELY CAUSING THE FAILURE OF THE COMPLAINT NOT ON THE MERITS BUT BY THE FAILURE OF DUE PROCESS AND THE DECISION OF THE COURT THAT WEIGHED HEAVILY ON THE INACCURATE ASSUMPTION THAT PLAINTIFF "DID NOT DILLIGENTLY PURSUE SUBSTITUTE COUNCIL". NOTHING COULD BE FURTHER FROM THE TRUTH AND PLAINTIFF PROVIDED THE COURT WITH PROOF TO SUCH END THAT THE COURT DID NOT ADDRESS OR RECOGNIZE IN ANY WAY SHAPE OR FORM. THE COURT PREDISPOSED TO AN OPINION THAT THE CASE WOULD EVENTUALL FAIL AS THE PLAINTIFF ATTEMPTED TO REPRESENT HIMSELF. SOME CASES MAY APPEAR TO THE TRIAL JUDGE TO BE SIMPLE-OPEN AND SHUT-AT THE CLOSE OF EVIDENCE AND IN THIS CASE BEFORE THE EVIDENCE WAS HEARD. IN MANY SUCH CASES, IN THE

DOCKETED ON CM
DEC 19 2006
BY 181

64

Dockets.Justia.com

WORDS OF MR. JUSTICE JACKSON: "WILL LIKELY TO LEAVE (A) JUDGE JUST WHERE IT FOUND HIM(HER)". BUT JUST AS SURELY THERE WILL BE CASES WHERE A PREMATURE MISJUDGEMENT WILL AVOID AN ERRONEOUS OUTCOME. APPELLANT IN THIS CASE NEVER -NEVER- HAD AN OPPORTUNITY TO BE HEARD AT HEARING, IN WRITING OR OTHERWISE WHILE THE COURT PRESUMING WHAT THE APPELLANT WANTED TO SAY WAS UNNECESSARY. THESE WORDS USED SPECIFICALLY IN ONE OF MANY DENIALS BY THIS COURT WHEN APPELLANT WISHED TO BE HEARD IN THE MOTION OF HIS ATTORNEY WITHDRAWING. AGAIN WHEN THE MOTION AND MOTIONS TO PRESERVE HIS RIGHT TO DUE PROCESS, WHERE ON EVERY OCCASION THE COURT DID REJECT EACH EFFORT FOR MOSTLY BENIGN REASONS WITHOUT REGARD TO FUNDEMENTAL DUE PROCESS EXCEPT WHERE IT SUITED THE COURT TO DISMISS ANY MOVEMENT BY THE APPELLANT. THE COURT, PREDISPOSED TO ERRANT ASSUMPTION AND WRONGFUL ACCUSATION THAT THE HE WAS NOT DUTIFUL AND DILLIGENT IN HIS EFFORT TO RETAIN SUBSTITUTE COUNCIL, VIOLATES THE RIGHT TO A FAIR AND IMPARTIAL CONDITION UNDER THE COLOR OF LAW AND TO THE GREAT DISADVANTAGE OF THIS PRO SE PLAINTIFF. ON ONE HAND THE COURT OVERLOOKS CLERICAL DEFICIENCIES WHERE IT FAVORS THE DIRECTION OF THESE PRESUMPTIONS BUT REJECTS THE MOTIONS WHERE IT WOULD SERVE THE APPELLANTS CONSTITUTIONAL RIGHTS. THEREFORE APPELLANT ASKS THE HIGH COURT TO REMAND THIS CASE.

POINT II

APPELLANT AND DEFENDANT DID AGREE TO JURISDICTION IN SOUTHERN DISTRICT OF FLORIDA. THE COURT IN FLORIDA REJECTED THE AGREEMENT AND REMANDED IT TO THE CALIFORNIA COURT. THIS ACTION WAS DETRIMENTAL TO THE APPELLANT AND WAS A MAJOR FACTOR IN HIS INABILITY TO MOVE THE COURT FAIRLY. IN THIS CASE THE PLAINTIFF IS AN INDIVIDUAL WHO WAS DEFRAUDED BY THE DEFENDANT. THE DEFENDANT IS A LARGE GLOBAL CORPORATION WITH ACCESS TO MANY BENEFITS OF COUNCIL AND OTHER RESOURCES FAR EXCEEDING THAT OF THE APPELLANT. THE ACTION BY THE

SCANNED

FLORIDA COURT WAS NOT FAIR OR IMPARTIAL. IT CLEARLY FAVORED THE DEFENSE AS IS STATED IN THE ORIGINAL REQUEST FOR JURISDICITION IN CALIFORNIA BY THE DEFENSE. IN VIOLATION OF THE 7TH AMENDMENT IN THIS ACTION APPELLANT ASK THE HIGH COURT TO REMAND THE CASE FOR REVIEW.

POINT III

COURT FAILS PROCEDURAL DUE PROCESS IN THIS CASE. THE ESSENCE OF DUE PROCESS IS THAT "THERE IS NO SHORT CUT IN THE PROCESS OF LAW. NO MATTER HOW SEEMINGLY THE PROBABILITY OF THE EVENTUALITY OF THE MATTER, IN ORDER TO KEEP A MORE PERFECT SYSTEM OF JUSTICE LET NO STONE BE LEFT UNTURNED SO THE BALANCE OF FAIRNESS AND IMPARTIALITY REMAINS INTACT.". THE COURT UNDERMINES ANY RESEMBLENCE TO THIS PROCESS AND ITS NECESSARY FULLNESS. WHERE THE DEFENSE DEMANDED 20 DAYS NOTICE OF APPELLANTS FILING IN RESPONSE TO THEIR MOTIONS TO DISMISS, APPELLANT RECEIVED FIRST NOTICE OF THE ACTUAL MOTION JUST DAYS BEFORE A HEARING WAS SET. LOGICALLY APPELLANT HAD NO CHOICE BUT TO FILE IMMEDIATELY AND SO DID. WHEN APPEALENT EXPLAINED THIS TO THE COURT IT WAS REJECTED. WHEN APPELLANT PROVED THE DOCUMENTS WERE LATE AND NOT RECEIVED TIMELY THE COURT REJECTED THEM. WHEN THE APPELLANT AMMENDED THE REJECTED PAPERS AND REFILED AND SENT THE AMMENDED MOTION TO THE DEFENSE THE COURT MADE 'MANIFEST ERROR OF LAW' BY ASSUMING THE DOCUMENTS WERE THE SAME AS BEFORE. APPELLANT HAS NO OBLIGATION TO ALERT THE COURT TO READ THE DOCUMENTS AND NOTICE THAT THE DEFICIENTCIES STATED BY THE DEFENSE "ANSWER TO THE MOTION WERE INDEED REMEDIED. THE COURT MAKES MANIFEST ERROR OF LAW ON THE RECORD BY STATING "FOR THE REASONS STATED' IN THE DEFENSE ANSWER, THE MOTION IS DENIED". THE MANIFEST ERROR IN LAW IS PRESERVED BY THE FILING AS RECORDED BY THE CLERK AND IS CONCRETE PROOF OF THE ERROR BY THE COURT. THE COURT DOES NOT DISTINGUISH IN DETAIL THE "REASONS" AND CLEARLY DID NOT READ THE

DOCUMENT ASSUMING IT WAS UNCHANGED. THE HIGH COURT SHOULD REMAND THE CASE FOR FAILURE OF DUE PROCESS BY MANIFEST ERROR OF LAW. THE COURT COULD NOT UNDER THE COLOR OF LAW STATE THAT FOR THE "REASONS STATED BY THE DEFENSE THE MOTION IS DENIED". THE "REASONS" WERE AT LEAST MOSTLY REMEDIED AND REMEDIAL IN EFFECT OF THE MERITS OF THE CASE. THE COURT ACTED IN DIRECT REFLECTION OF IT'S NATURE TO SHORT CUT THE PROCESS OF LAW AND NOT DEAL WITH THE PRO SE LITIGANT IN ANY WAY.

SCANNED

## POINT IV

THE APPELLANT IS DENIED A TRIAL BY JURY. AT NO TIME HAS THE APPELLANT HAD THE OPPORTUNITY TO PRESENT HIS ANSWERS TO THE MOTIONS TO DIMISS. DEFENSE SUGGESTED THAT NO GROUNDS EXIST TO CONTEST THE MOTIONS AND ASSUMES TO PREDICT THE RESPONSES WITHOUT THEM SEEING THE LIGHT OF DAY. THE ARGUMENTS ARE YET PROPOSED AS THE OPPORTUNITY WAS QUASHED BY THE FAILURE OF TIMELY SERVICE AS PLEAD BY THE APPELLANT. THE COURT REJECTED THE NOTICE. DEFENSE TOY'S WITH THE COURT ASSERTING IN DOESN'T UNDERSTAND THE SIMPLE DISCUSSION IN PLAINTIFF'S MOTIONS YET PICKS AND CHOOSES WHAT IT CARES TO ADDRESS, METHODICALLY AND WHERE IT SUITS THE DEFENSE. THE COURT ALLOWED THIS BEHAVIOR AND FOLLOWED SUIT IGNORING WHAT IT WANTED, SOMETIMES FAILING TO EVEN DENY THE MOTION BUT RATHER PRETEND IT WASN'T THERE.

## PRAYER

FINALLY, THE APPELLANT PRAYS THE HIGH COURT WILL SEE THE TRUTH OF THE MATTER THAT APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO REDRESS HIS GRIEVIANCE AND AT TIMES FEELS THAT THE ONLY REASON FOR THE FACT WAS THAT HE WAS FORCED TO REPRESENT HIMSELF WHEN THE COURT REFUSED TO GRANT HIM ONE SINGLE CONTINUANCE AND THEN REFUSED TO TAKE HIM SERIOUSLY IN ANY

MOVEMENT IN THE COURT HE ATTEMPTED PRO SE. APPELLANT HOPES THAT THE REASON FOR THIS BEHAVIOR IS ONLY OUT OF FRUSTRATION AND NOT AS IT APPEARS AS OUTRIGHT DISCRIMINATION BASED ON RACE IN THE ABSENSE OF ANY OTHER CONCIONABLE END. APPELLANT UNDERSTANDS THERE ARE MANY MR. RODRIGUEZ'S PROBABLY CLUTTERING THE COURTS IN SOUTHERN CALIFORNIA BUT HIS CASE IS NOT ONE WITHOUT MERIT. THIS IS PROVED BY THE DEFENDANTS ACTIONS AFTER THE FILING OF THE CASE BY "CEASING AND DESISTING IN THE FRAUD". APPELLANT HAS NOW BEEN PERSECUTED FOR BRINGING SOME LIGHT TO THESE CRIMES AND IS TAXED COSTS FOR AN EFFORT THAT IS UNHERALDED IN IT'S SUCCESS IN DEFEATING THE FRAUD. DEFENDANT RESPECTFULLY REQUESTS THIS CASE BE REMANDED BACK TO THE LOWER COURT .

ROBERT ANTHONY RODRIGUEZ

12/12/2006

CERTIFICATION

I ATTEST UNDER THE PENALTY OF PERJURY THAT THIS DOCUMENT IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.

ROBERT ANTHONY RODRIGUEZ

12/12/06

SCANNED

SCANNED

CERTIFICATE OF SERVICE

A TRUE COPY HAS BEEN PROVIDED TO THE DEFENSE COUNCIL BY US POSTAL SERVICE VIA 2ND DAY AIR MAIL ON THIS DATE DEC 13, 2006. UNDER THE PENALTY OF PERJURY THIS IS A TRUE AND AUTHENTIC STATEMENT TO THE BEST OF MY KNOWLEDGE.

12/12/2006

ROBERT ANTHONY RODRIGUEZ